STATE, RODOLPHUS BINGHAM ET AL., PROSECUTORS, v. THEODORE B. GIBBS ET AL.

1. The act entitled "An act empowering justices of the peace and others to commit to the county jail in lieu of the work-house, in certain cases," (*Pamph. L.* 1877, *p.* 110,) authorizes magistrates, in counties which have no work-house legally established, to commit offenders against the "Act concerning disorderly persons" to the county jail.
2. The sheriff of any such county is entitled to receive, and the county authorities to pay for keeping, such prisoners when regularly committed upon convictions that remain unreversed.

On *certiorari*.

Argued at June Term, 1884, before Justices VAN SYCKEL and MAGIE.

For the prosecutors, *J. J. Crandall*.

For the defendants, *S. H. Grey*.

The opinion of the court was delivered by

MAGIE, J. The writ in this case has brought up a number of claims made by the sheriff of Camden county upon the

board of chosen freeholders, for the expense of keeping certain prisoners in the county jail, and the action of the board in directing the claims to be paid by the county collector out of county funds.

It appears by the state of the case that the prisoners in question had been received by the sheriff on commitments of magistrates, each of which recited a conviction of the prisoner under the provisions of the " Act concerning disorderly persons." *Rev., p.* 303.

Prosecutors contend that the board of chosen freeholders has no right to expend the county moneys for the support of prisoners committed to the county jail under that act.

By the Disorderly Persons act, as contained in the Revision, it was made the duty of any magistrate convicting an offender thereunder, to commit him to the " work-house of the city, town or county." Similar language in the act of 1799 on the same subject, had been held at the time of the Revision not to justify a commitment to a county jail, unless it had been made a work-house by proper authority. *State* v. *Ellis,* 2 *Dutcher* 219. It was afterwards held that, under the same act, a magistrate who, on conviction of offenders, had committed them to a county jail not made a work-house, could not recover his fees, and that, where no work-house existed by law, the Disorderly Persons act was not enforceable. *Fairbanks* v. *Sheridan,* 14 *Vroom* 484.

The Revision not having remedied the deficiency of the act of 1799, in its application to counties which had not established work-houses, the legislature passed an act which was approved on March 9th, 1877, and is entitled " An act empowering justices of the peace and others to commit to the county jail, in lieu of the work-house, in certain cases." *Pamph. L.* 1877, *p.* 110. This act gives authority to any magistrate empowered to commit any person for any offence to the work-house of the county, to commit such person to the common jail of the county, if there is no work-house at that time in such county.

It is admitted in the state of the case that there was no

work-house in the county of Camden at the time of the com-mitments in question. Unless, therefore, this act is invalid, the commitments were authorized by law.

Prosecutors first insist that this act is objectionable on the ground that it violates the constitutional prohibition against special legislation regulating the internal affairs of counties. But this is obviously erroneous. The act, it is true, applies only to such counties as have no work-house. In such counties the revised act respecting disorderly persons was incapable of enforcement. The lack of such a public institution was therefore a characteristic of a class of counties. It was a characteristic so marked as to distinguish those counties from others, and amply to justify such legislation respecting them. The act is therefore entirely within the rules on this subject established in many cases—too recent and well known to require citation.

It is next urged that the act in question, though designed for the relief of counties in which the act concerning disorderly persons could not be enforced, fails to accomplish that design, because it does not expressly authorize a different judgment than that authorized by the Revision, viz., a judgment committing the offender to the work-house. But the two acts are to be construed together, and so construed it is plain that, in counties having no work-house, a magistrate is authorized to render a judgment committing an offender to the county jail.

These objections to the law of 1877 cannot prevail, and the result is that the commitments under which the sheriff received and held these prisoners could lawfully be made in Camden county by the magistrates who made them.

Prosecutors further contend that the convictions whereon these commitments were made cannot be sustained, upon the grounds, first, that they do not contain the substance of the evidence whereon the magistrate acted, and, second, that it does not appear therein that the magistrate inquired or determined whether there was a work-house in Camden county.

As to the first objection it is by no means obvious that the

convictions (specimens of which are contained in the state of the case) do not contain sufficient of the evidence to sustain the judgment.

As to the second objection, if obliged to pass upon it, I should not hesitate to conclude that the existence or non-existence of a public institution like a work-house is a fact of which courts would take judicial notice without proof. 1. *Greenl. Ev., ch. II.*

But the convictions are not before us for adjudication, and these objections need not be considered. The writ did not call for them or their record. If before us, it is plain that we could not, for any error therein, set aside an order paying to the sheriff the expenses incurred by him in keeping prisoners duly committed thereon, while the convictions remained unchallenged and unreversed.

The result is that no error exists in the proceedings before us, and they must be affirmed, with costs.